UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH HARRISON,

        Petitioner,

                                            Case No. 2:09-CV-262

v.

                                            HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

        Respondent.

                                  /

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On August 29, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Kenneth Harrison's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 22, R&R.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 23, Obj.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court

proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the R&R on grounds that trial counsel failed to present evidence that the prosecution's witnesses had motives to give false testimony, and trial counsel failed to present evidence of Petitioner's financial status at the time of the alleged offense. Petitioner contends that if this evidence had been presented, it would have weakened the government's case and bolstered Petitioner's credibility.

Petitioner's objection lacks merit. First, Petitioner's § 2254 petition raised only one claim: that there was insufficient evidence to establish his guilt. Petitioner did not raise a Sixth Amendment ineffective assistance of counsel claim. Second, trial counsel's failure to present evidence does not suggest that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law or that they were based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). Third, in reviewing a due process claim based on the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because the Court must view the facts in the light most favorable to the prosecution, Petitioner's contention that he was prevented from presenting evidence to weaken the government's case or to bolster his own credibility do not affect the Court's review of the sufficiency of the government's evidence. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. No. 23) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 29, 2011, R&R (Dkt. No. 22) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: July 27, 2012                               /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE